UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GRACIELA NAVARRO GARCIA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 13-2576-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff appeals from the denial of her application for Social Security benefits. On appeal, the Court concludes that the administrative law judge ("ALJ") erred in failing to consider whether Plaintiff is disabled under 20 C.F.R. § 404.1562(b). Therefore, the Court reverses the ALJ's decision and remands to the ALJ for consideration of Plaintiff's contention that § 404.1562(b) entitles her to a finding of disability.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for social security disability insurance ("SSDI") benefits and supplemental security income ("SSI"), alleging disability

beginning January 1, 2006. Administrative Record ("AR") 20-21. After an unfavorable initial decision by the ALJ, the Appeals Council reversed for reconsideration of Plaintiff's work history. AR 111-12. In the decision on remand, the ALJ concluded that Plaintiff was not disabled because she could perform work that exists in significant numbers in the national economy. AR 33-34. The ALJ did not expressly address the question of 20 C.F.R. § 404.1562(b), the subject of the parties' dispute in this appeal.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ was required to find that Plaintiff was disabled pursuant to 20 C.F.R. § 404.1562(b).[1] See Memorandum in Support of Plaintiff's Complaint ("Plaintiff's Br.") at 5-10; Memorandum in Support of Defendant's Answer ("Defendant's Br.") at 2-7.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as

---

[1] Plaintiff additionally contends that the ALJ's finding at step five of the sequential disability analysis was improper because her educational background, as determined by the ALJ, renders her incapable of performing the work identified by the ALJ at step five. Plaintiff's Br. at 10-12. However, because it is necessary for the Court to remand this case for consideration of § 404.1562(b), and because the remand will result in a clarification of the ALJ's findings as to Plaintiff's educational background, the Court declines to address Plaintiff's alternative claim of error here.

a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing, the Court may not substitute its judgment for that of the ALJ. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## IV.
## DISCUSSION

Plaintiff contends that she is entitled to a finding of disability under 20 C.F.R. § 404.1562(b), which provides:

> If you have a severe, medically determinable impairment(s), are of advanced age (age 55 or older), have a limited education or less, and have no past relevant work experience, we will find you disabled. If the evidence shows that you meet this profile, we will not need to assess your residual functional capacity or consider the rules in appendix 2 to this subpart.

Id. (citations omitted); accord 20 C.F.R. § 416.962(b). There is no dispute that Plaintiff meets the first two requirements in § 404.1562(b). As to the first requirement, the ALJ determined that Plaintiff suffered from a severe impairment of major depressive disorder, recurrent. AR 24. As to the second, Plaintiff was born on April 17, 1951, and therefore attained the age of 55 on April 17, 2006, shortly after the alleged onset date of her disability and before

her date last insured.² AR 32. The parties' dispute, therefore, involves Plaintiff's level of education and her past work experience.

As to Plaintiff's level of education, Plaintiff contends that the ALJ's determination that she is illiterate compels a finding that she has a "limited education or less" for the purpose of § 404.1562(b). Plaintiff's Br. at 6. The Commissioner contends that the ALJ's finding that Plaintiff graduated from high school is sufficient to support a finding that Plaintiff is not disabled under § 404.1562(b).³ Defendant's Br. at 5. The Court has reviewed the record and cannot agree with either party's contention. Because the ALJ did not explicitly address the categorization of Plaintiff's educational background under § 404.1564, for the purposes of § 404.1562(b), and because substantial evidence could support alternative findings, the Court must remand to the ALJ to make this determination.

As to Plaintiff's past relevant work experience, the ALJ made inconsistent findings regarding Plaintiff's past work as a child care provider. At step one, the ALJ determined that, at least with respect to the Plaintiff's work as a child care provider during her alleged period of disability, the work was

---

² To the extent that Plaintiff is only entitled to a finding of disability under § 404.1562(b) for a portion of her alleged period of disability, the ALJ should address this issue on remand.

³ Defendant also contends that the ALJ could have determined based on substantial evidence that Plaintiff was literate, and that such a determination would have supported the ALJ's finding that Plaintiff is not disabled. Defendant's Br. at 4-5. However, it is clear from the face of the ALJ's decision that the ALJ determined Plaintiff to be illiterate. AR 32. Therefore, Defendant's argument is a post hoc justification of the ALJ's decision, and cannot be considered by this Court. See, e.g., Johnson v. Colvin, No. 12-435, 2013 WL 3337772 (C.D. Cal. July 1, 2013) ("While the Commissioner now offers other reasons to explain the ALJ's [decision], the Court cannot entertain these post hoc rationalizations.").

not at substantial gainful activity levels. AR 23. At step four, by contrast, the ALJ determined that Plaintiff's work as a child care provider was past relevant work. AR 31-32. In order to be considered past relevant work at step four, work must be at substantial gainful activity levels. 20 C.F.R. § 404.1560 ("Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it."). Although it is possible that the ALJ's past relevant work finding at step four was supported by her work as a child care provider before the period considered at step one (i.e., before the disability period), there is nothing in the ALJ's decision to that effect. See AR 31-32.

Notwithstanding these inconsistent findings, the Commissioner contends that the ALJ properly determined that Plaintiff's past work as a child care provider was past relevant work at step four, and that this determination controls in the § 404.1562(b) analysis. Defendant's Br. at 5-7. According to the Commissioner, the ALJ was merely giving Plaintiff the "benefit of the doubt" in determining at step one that the work was not substantial gainful activity. Id. at 6. Because there is nothing in the ALJ's decision to support this contention, the Court cannot look past the unexplained inconsistency in the categorization of Plaintiff's work as a child care provider.[4]

Because it cannot be determined from the record whether the ALJ properly determined that Plaintiff is not entitled to a finding of disability under § 404.1562(b), the Court must remand for consideration of this additional issue.

///

///

---

[4] Indeed, questions about the ALJ's past relevant work finding at step four led to an earlier remand by the Appeals Council. See AR 111-12.

# V.
# CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated:   April 7, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge